Filed 2/5/24  In re Sofia R. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| In re SOFIA R. et al., Persons Coming Under the Juvenile Court Law. | B321211 <br><br> (Los Angeles County Super. Ct. No. 22CCJP01114B-D) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DAVID R., <br><br> Defendant and Appellant. |  |

APPEAL from orders of the Superior Court of Los Angeles County, Stephen C. Marpet, Juvenile Court Referee.  Dismissed.

William D. Caldwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Tracey Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

**INTRODUCTION**

David R. appeals from the juvenile court's May 17, 2022 jurisdiction findings and disposition orders declaring his children Sofia R., Rey R., and Ryan R. dependent children of the court, removing them from David's custody and placing them with their mother Blanca E. with monitored visits by David, and issuing a three-year restraining order limiting David from contact with Blanca or the children except for court-ordered visitation.

While this appeal was pending, on May 1, 2023 the juvenile court modified the restraining order to eliminate the children from the restraining order, and on May 8 the juvenile court terminated jurisdiction and released the children to Blanca, with a custody order granting sole legal and physical custody to Blanca and unmonitored visitation to David. David did not appeal from those orders.[1]

_____

[1] "When terminating its jurisdiction over a child who has been declared a dependent child of the court, section 362.4 authorizes the juvenile court to issue a custody and visitation order (commonly referred to as an 'exit order') that will become part of the relevant family law file and remain in effect in the family law action 'until modified or terminated by a subsequent order.'" (*In re T.S.* (2020) 52 Cal.App.5th 503, 513; see *In re Ryan K.* (2012) 207 Cal.App.4th 591, 594, fn. 5 [when terminating jurisdiction, juvenile court may "issue an order 'determining the

2

Because we cannot provide David any effective relief—that is, relief that "'can have a practical, tangible impact on the parties' conduct or legal status'" (*In re D.P.* (2023) 14 Cal.5th 266, 277)—we conclude his appeal is moot. In addition, we invited the parties to file briefs addressing whether we should exercise our discretion to consider the merits of this moot appeal under *In re D.P.* After consideration of the relevant factors, we decline to exercise our discretion to consider David's moot appeal on its merits and dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

David and Blanca are the parents of Sofia (born 2011), Rey (born 2012), and Ryan (born 2015). Blanca has an older daughter, Niveah (born 2007), who is not a subject of this appeal. In February 2022, the Los Angeles County Department of Children and Family Services (Department) received a referral alleging the children were being emotionally abused and reporting David threatened to take the children and have Blanca deported. A social worker interviewed the children, who reported arguments and yelling between the parents and threats by David toward Blanca. Blanca reported David was demanding money, threatening to hit her, and saying he would call immigration

---

custody of, or visitation with, the child,'" which "may be enforced or modified by the family court" and is "sometimes referred to as 'family law' orders or 'exit' orders"].) We take judicial notice of the exit orders in this case and the order modifying the restraining order under Evidence Code sections 452, subdivision (d), and 459.

3

services to have her deported.  Niveah also reported hearing David hit Blanca.  On March 21 the juvenile court signed a removal order authorizing the Department to detain the children from David.  On March 30 the court issued a temporary restraining order prohibiting David from contacting Blanca or the children outside of monitored visits.

On March 24, 2022 the Department filed a petition under Welfare and Institutions Code[2] former section 300, subdivisions (a) (physical harm), (b)(1) (failure to protect), and (c) (serious emotional damage), for David's alleged domestic violence and Blanca's alleged failure to protect.[3]  The court later

---

[2]    Statutory references are to the Welfare and Institutions Code.

[3]    Former section 300, subdivision (b)(1), provided, in relevant part, that a child comes within the jurisdiction of the juvenile court if "[t]he child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of the child's parent or guardian to adequately supervise or protect the child, . . . or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse."  Effective January 1, 2023, Senate Bill No. 1085 (2021-2022 Reg. Sess.) (Stats. 2022, ch. 832, § 1) amended section 300, subdivision (b)(1), by enumerating the existing bases for dependency jurisdiction in separate subparagraphs (b)(1)(A) through (D).  The legislation also added section 300, subdivision (b)(2), which now provides, "A child shall not be found to be a person described by this subdivision solely due to any of the following:
[¶]  (A)  Homelessness or the lack of an emergency shelter for the family.  [¶]  (B) The failure of the child's parent or alleged parent to seek court orders for custody of the child.  [¶]  (C)  Indigence or

4

amended the petition to strike the allegations under subdivision (c).

On May 17, 2022 the juvenile court held a combined jurisdiction and disposition hearing. The jurisdiction and disposition report described multiple instances of physical assaults and verbal abuse of Blanca by David over many years, verbal arguments between the parents during which David threw items, threats by David to call immigration authorities on Blanca, and arguments between the parents during which they each tried to hit each other. The court sustained the amended petition and found the children to be persons described by former section 300, subdivision (b)(1), based upon David's domestic violence. As sustained, the section 300 petition stated: "The children, Niveah [E.], Sofia [R.], Rey [R.] and Ryan [R.]'s mother, Blanca [E.], and the mother's male companion, David [R.] father of the children, Sofia, Rey and Ryan, have a history of engaging in verbal and physical altercations. On a prior occasion, [David R.] struck the mother. On prior occasions, [David R.] threw objects in the children's home during verbal altercations with the mother. On prior occasions, [David R.] threatened to call Immigration and Customs Enforcement (ICE) to have the mother removed from the United States. In 2019, the mother struck [David R.] with the mother's closed fist and pushed the father. The mother failed to protect the children in that the mother allowed [David R.] to reside in the children's home and have unlimited access to the children. Such violent conduct on the

_____

other conditions of financial difficulty, including, but not limited to, poverty, the inability to provide or obtain clothing, home or property repair, or childcare."

part of [David R.] and the mother and the mother's failure to protect the children endangers the children's physical health and safety, creates a detrimental home environment, and places the children at risk of serious physical harm, damage, danger and failure to protect."

The juvenile court removed the children from David and ordered him to complete a domestic violence class, a parenting class, and individual counseling. The court also issued a permanent restraining order requiring David to stay 100 yards away from the home, workplace, car, or school of Blanca, Niveah, Sofia, Rey, and Ryan, except for court-ordered visitation.

On June 3, 2022 David filed the present appeal seeking review of the juvenile court's jurisdiction findings, disposition orders, and restraining order.

Subsequently, on May 1, 2023 the juvenile court modified the restraining order to remove David's three children (not including Niveah) from the restraining order. On May 8, the juvenile court terminated jurisdiction and released the children to Blanca, with a custody order granting sole legal and physical custody to Blanca and unmonitored visitation to David. The custody order expressly incorporated and attached the modified restraining order, and provided that David could move for joint legal and physical custody in family court after completing individual counseling. David did not appeal from those orders.

We invited the parties to submit letter briefs addressing whether this appeal is moot and, if so, whether we should exercise our discretion to reach the merits. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 276.) The Department argued the appeal is moot and should be dismissed because there is no effective relief the court can provide to David. David asserted that even though he

6

did not appeal the exit orders, his custody rights are still at stake and discretionary review is appropriate even if the appeal is moot. We address these arguments in turn.

**DISCUSSION**

A. *David's Notice of Appeal Sufficiently Identifies the Orders and Findings From Which He Appeals*

The Department asserts David did not properly appeal from the jurisdiction findings and disposition orders. Specifically, the Department notes that on the second page of his JV-800 notice of appeal form, David checked the box for "Other appealable orders relating to dependency" and stated he appealed from the restraining order. But, he did not check the applicable boxes to indicate he was appealing from the disposition orders and jurisdictional findings.

However, "checking the wrong box on a notice of appeal 'is not fatal to the appeal.'" (*Childhelp, Inc. v. City of Los Angeles* (2023) 91 Cal.App.5th 224, 234, fn. 3; accord, *Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 251.) A notice of appeal "must be liberally construed in favor of its sufficiency" (Cal. Rules of Court, rule 8.852(a)(3)) and "is sufficient if it identifies the particular judgment or order being appealed" (*id.*, rule 8.100(a)(2)). More importantly than what boxes he checked, the first page of David's notice of appeal expressly states, in section 1, that he appeals from the following findings and orders of the court: "On May 17, 2022 at the adjudication and disposition hearing the court found the children persons described under sections 300a,b [sic]. The court also removed custody from father at the dispositional

7

hearing and issued a permanent restraining order against father. Appeal from all other orders as well."

We conclude David's notice of appeal adequately identifies that he appeals from the disposition orders, jurisdiction findings, and restraining order entered on the same day. (See *In re Daniel Z.* (1992) 10 Cal.App.4th 1009, 1017 ["Liberal construction is particularly appropriate here because the jurisdictional finding and dispositional order were rendered simultaneously on January 9, 1992—the date specified in the notice of appeal—and are reflected for each child in a single written order. We shall therefore construe the notice of appeal as properly specifying the dispositional order."]; see also *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882 [notice of appeal shall be ""'liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced'""], quoting *In re Joshua S.* (2007) 41 Cal.4th 261, 272.)

B.    *The Mootness Doctrine in Dependency Appeals*

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"" (*In re D.P., supra,* 14 Cal.5th at p. 276.) In dependency cases, the reviewing court decides on a case-by-case basis whether subsequent events render a case moot and whether the court's decision would affect the outcome of a subsequent proceeding. (*Ibid.*) A dependency case becomes moot when events ""'render[ ] it impossible for [a]

8

court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.”’” (*Ibid.*; see *In re N.S.* (2016) 245 Cal.App.4th 53, 60 [“the critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error”].) To show the reviewing court can provide effective relief, the appellant first “must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome [the appellant] seeks.” (*In re D.P.*, at p. 276.)

In *In re D.P., supra,* 14 Cal.5th 266, the Supreme Court explained that “relief is effective when it ‘can have a practical, tangible impact on the parties’ conduct or legal status.’ [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status. Although a jurisdictional finding that a parent engaged in abuse or neglect of a child is generally stigmatizing, complaining of ‘stigma’ alone is insufficient to sustain an appeal. The stigma must be paired with some effect on the plaintiff’s legal status that is capable of being redressed by a favorable court decision.” (*Id.* at p. 277.) Examples of non-moot cases include those where a jurisdiction finding affected parental custody rights, curtailed a parent’s contact with his or her child, or resulted in disposition orders that continued to adversely affect a parent. (*Id.* at pp. 277-278.) *In re D.P.* further noted that “speculative future harm” is insufficient to avoid mootness. (*Id.* at p. 278.) But “when a parent has demonstrated a specific legal or practical consequence that will be averted upon reversal,” however, “the case is not moot, and merits review is required.” (*Id.* at p. 283.)

"When a parent has not made such a showing, the case is moot, but the court has discretion to decide the merits nevertheless." (*In re D.P., supra,* 14 Cal.5th at p. 283, see *id.* at p. 282 [reviewing court has "'inherent discretion'" to reach the merits of an appeal even where the case is moot].) A reviewing court decides on a case-by-case basis whether to reach the merits of a moot appeal. (*Id.* at p. 287.) Generally, "when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination'" courts may appropriately consider the merits of a moot appeal. (*Id.* at p. 282.)

Dependency appeals are uniquely prone to mootness, and often "[p]arents may appeal an order that is later changed, or jurisdiction over the child may terminate before an appeal is finally resolved, as in this case." (*In re D.P., supra,* 14 Cal.5th at p. 285.) Accordingly, *In re D.P.* identified several additional factors reviewing courts may consider when deciding whether discretionary review is warranted. (*Id.* at pp. 284-286.) First, whether the challenged jurisdiction finding could impact current or future dependency proceedings (for example, by influencing a child protective agency's decision to file a new dependency petition or a juvenile court's determination about whether to order further reunification services). (*Id.* at p. 285.) Second, "whether the jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Id.* at pp. 285-286.) The "more egregious the findings against the parent, the greater the parent's interest in challenging such findings." (*Id.* at p. 286.) Third, a court may also consider "why the appeal became moot": "[p]rinciples of fairness" may favor discretionary review of cases

10

rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Ibid*.)

In deciding whether to exercise their discretion, reviewing courts "should be guided by the overarching goals of the dependency system: 'to provide maximum safety and protection for children' with a 'focus' on 'the preservation of the family as well as the safety, protection, and physical and emotional well-being of the child.'" (*In re D.P., supra,* 14 Cal.5th at p. 286; see § 300.2, subd. (a).)

C.     *David's Appeal Is Moot*

As noted above, in this appeal David challenges the juvenile court's May 17, 2022 jurisdiction findings and disposition orders, including its order restraining David from contact with Blanca and the children except for court-ordered visitation. David's appeal does not challenge the restraining order as to his contact with Blanca, but asks that it be modified to omit Sofia, Rey, and Ryan from the order and by removing the restriction on communication between him and Blanca through third parties.

His appeal from those orders was rendered moot by the subsequent May 2023 orders modifying the restraining order to exclude his children and terminating jurisdiction and awarding Blanca sole custody of the children with unmonitored visitation for David.

David did not appeal from the order modifying the restraining order or from the exit orders (which attached and incorporated the modified restraining order), which are now final. As this court explained in *In re Rashad D.* (2021) 63 Cal.App.5th 156, "termination of dependency jurisdiction does not necessarily

11

moot an appeal from a jurisdiction finding that directly results in an adverse juvenile custody order.  But in most cases . . . for this court to be able to provide effective relief, the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status.  Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (*Id.* at p. 159.)  By not appealing the May 2023 custody orders, David "forfeited any challenge to those rulings, including the juvenile court's jurisdiction to issue them." (*Id.* at p. 167; accord, *In re Gael C.* (2023) 96 Cal.App.5th 220, 225.)  An exit order is a final judgment and is not subject to collateral attack through an appeal from a previous disposition order.  (See § 302, subd. (d) ["Any custody or visitation order issued by the juvenile court at the time the juvenile court terminates its jurisdiction . . . shall be a final judgment and shall remain in effect after that jurisdiction is terminated."]; see also *Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1165 [where the juvenile court terminates its jurisdiction and issues an exit order, "the exit order 'shall be a final judgment and shall remain in effect after [the juvenile court's] jurisdiction is terminated'"].)

Because the exit orders are now final, we do not have jurisdiction to review and change them, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*In re Rashad D., supra,* 63 Cal.App.5th at p. 164; see *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 ["where jurisdiction has been terminated and is final . . . jurisdiction cannot be conferred upon the appellate court"]; see also § 304 [juvenile court has exclusive jurisdiction to hear proceedings regarding

12

custody "until the time that the petition is dismissed or dependency is terminated"]; Cal. Rules of Court, rule 5.620(a) [same].) Accordingly, even if we were to reverse the May 2022 jurisdiction and disposition orders, that would have no effect on the May 2023 exit orders.

In short, we cannot provide David any effective relief—that is, relief that "'can have a practical, tangible impact on the parties' conduct or legal status.'" (*In re D.P., supra,* 14 Cal.5th at p. 277.) David's appeal of the May 2022 jurisdiction findings, disposition orders, and restraining order is thus moot. (See *id.* at p. 276 [a case is moot when events render it impossible for the court to grant appellant meaningful relief]; accord, *In re Gael C., supra,* 96 Cal.App.5th at p. 224.)

D.   *Discretionary Review of David's Moot Appeal Is Not Warranted*

As noted above, we invited the parties to file briefs addressing whether David's appeal was moot, and if so, whether we should exercise our discretion to review these orders on the merits under *In re D.P., supra,* 14 Cal.5th 266. (See *id.* at pp. 282-287 [detailing "nonexhaustive" factors court may consider in deciding whether to exercise discretionary review of a moot dependency appeal].) The Department contends the appeal should be dismissed as moot, and David requested merits review. David argues "his custody rights over his children are still at stake, and those custody rights were adversely affected by the jurisdictional findings he is appealing" and can be "modified in the family court" if he prevails. He cites *In re John W.* (1996) 41 Cal.App.4th 961, 969, where the appellate court reviewed an appeal of an expired, "nonmodifiable" custody exit order because

13

there was "an ongoing controversy concerning custody and visitation that is very much alive." The court further noted the case involved open questions of public interest regarding the propriety of nonmodifiable exit orders and the proper court to which such orders should be remanded (i.e., the family law court or juvenile dependency court). David further contends that even if his appeal is moot, we should decide on the merits to prevent insulating erroneous jurisdictional findings from review.

After consideration of the relevant factors, we decline to exercise our discretion to consider David's moot appeal. Unlike his cited authority, David's appeal does not present circumstances that generally warrant discretionary review of a moot case, such as an issue of broad public interest that is likely to recur, the likelihood of a recurrence of the controversy between the parties, or a material question that remains for the court's determination. (See *In re D.P., supra,* 14 Cal.5th at p. 282.) Nor is this a case rendered moot "by the prompt compliance or otherwise laudable behavior of the parent challenging the jurisdictional finding on appeal." (*Id.* at p. 286.)

The case David cites for the importance of being able to modify his custody orders in family court, *In re John W., supra,* 41 Cal.App.4th 961, does not stand for the proposition that discretionary review of a moot case is proper any time such custody rights are at stake. Indeed, it predates both *In re D.P.* and the enactment of section 302, subdivision (d). (See *In re Marriage of David & Martha M.* (2006) 140 Cal.App.4th 96, 102-103 [to the extent *In re John W.* established section 362.4 exit orders cannot be equated with permanent family law custody orders, "[t]his may have been true prior to the inception of section 302, subdivision (d) in 2000, but pursuant to section 302,

14

subdivision (d) a section 362.4 juvenile court exit order *shall* be a final judgment and *shall* remain in effect after the jurisdiction of the juvenile court is terminated unless modified in compliance with the change of circumstances/best interest rule"].) That David's custody rights are still at stake with regard to his family law case—as finalized in a custody exit order he elected not to appeal—does not compel discretionary review of his appeal.

Finally, the jurisdiction findings based on David's domestic violence are not sufficiently "egregious" or "stigmatizing" conduct warranting exercise of our discretion to reach the merits. While dependency jurisdiction by definition necessarily involves conduct harmful to children, our assessment of severity or perniciousness is a relative analysis. We do not find the jurisdiction findings against David to be based on particularly stigmatizing or pernicious conduct such that our concerns over not insulating erroneous and stigmatizing jurisdiction findings from review would prompt us to review the merits in light of all other factors. Therefore, on balance the factors the Supreme Court identified in *In re D.P.* do not warrant discretionary review of David's moot appeal.

We note that David is not without a remedy. Indeed, under section 302, subdivision (d), he may seek modification of the exit orders if he can "demonstrate 'there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child.'" (*In re Rashad D., supra,* 63 Cal.App.5th at p. 165, fn. 7.)

## DISPOSITION

The appeal is dismissed as moot.


                                                MARTINEZ, J.

We concur:



SEGAL, Acting P. J.



FEUER, J.